
SEALED

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

FILED U.S. DISTRICT COURT AT ABINGDON, VA
MAY 01 2019
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 1:19mj54
1035 1/2 Worthy Blvd. )
Saltville, VA )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ____Western____ District of ____Virginia____ *(identify the person or describe property to be searched and give its location)*: 1035 1/2 Worthy Blvd., Saltville, VA (to include the residence, curtilage, garages, outbuildings, campers, persons present, and vehicles present). Attachment A consists of a photograph of the residence.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __21__ U.S.C. § __846/841(a)(1)__, and the application is based on these facts: See Attachment C      and/or  841(a)(1)

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brian Snedeker, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/1/19 @ 11:14 a.m.

*Judge's signature*

City and state: Abingdon, Virginia

Pamela Meade Sargent, USMJ
*Printed name and title*

# ATTACHMENT A



1035 ½ Worthy Blvd., Saltville, VA

ATTACHMENT B

1. Methamphetamine, methamphetamine distribution paraphernalia including (but not limited to) scales, cutting material, plastic baggies, wrapping material; electronic communication devices (such as cellular telephones) that are used to communicate with other drug traffickers/co-conspirators; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices.

2. Firearms, including but not limited to handguns, rifles, and shotguns that are commonly used by individuals to protect controlled substances and related drug proceeds/assets. Firearms, oftentimes stolen, are also routinely bartered in exchange for controlled substances.

3. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of methamphetamine.

4. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of methamphetamine. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, Rolodex type indices, notebooks, loose pieces of paper, and found in mail.

5. Photographs and videos depicting methamphetamine, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with methamphetamine,

6. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

7. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

8. Large amounts of currency (exceeding $1000.00) or readily transported assets which are used as cash equivalents (cashier's checks, prepaid money/credit cards, money orders, gold, diamonds, precious jewels, etc.)

9. Items listed in Paragraphs 3 through 7 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), floppy disks, CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 3 through 7.

ATTACHMENT C

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for the premises known as 1035 ½ Worthy Blvd., Saltville, VA. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of methamphetamine and/or conspiracy to distribute methamphetamine at 1035 ½ Worthy Blvd., Saltville, VA in violation of 21 USC 841(a)(1) and 846/841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (28) years. During my employment I have received comprehensive classroom training from the Drug Enforcement Administration in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of methamphetamine (a Schedule II Controlled Substance). I have also executed hundreds of search warrants related to the trafficking and manufacturing of methamphetamine.

4. The facts set forth in this affidavit are known to me as a result of my participation in the investigation of Robert Griffey and information provided to me by other law enforcement officers.

5. On 09-04-2018, a 4th Amendment waiver search was performed by law enforcement officers at Robert Griffey's residence (1035 ½ Worthy Blvd, Saltville, VA) in Smyth County, VA. Once officers entered the residence, Robert Griffey and his girlfriend were encountered in the master bedroom and a guest was encountered in the guest bedroom.

    A search of Robert Griffey's master bedroom resulted in the seizure of multiple items from his bedside safe including $15,030 in United States Currency (USC), (3) small Ziploc-type baggies of suspected methamphetamine (a subsequent field test of one of the baggies of suspected methamphetamine returned positive results for methamphetamine), digital scales, numerous new/unused small, Ziploc-type baggies, a baggy of suspected marijuana, and a marijuana "grinder". Also seized from the bedroom were a chunk of crystalline substance (suspected methamphetamine), a glass jar containing suspected marijuana, a money ledger, a spoon with suspected methamphetamine residue, and a loaded syringe. Three (3) baggies of suspected methamphetamine were also seized from the bed in the guest bedroom.

Robert Griffey was Mirandized and agreed to answer questions. Griffey admitted that he sells methamphetamine and initially claimed that he obtained (2) to (3) eight-balls (3.5g = one 8-ball = 1/8 ounce) of methamphetamine at a time from an individual (hereafter referred to as "source of supply") who resides in the Bristol, TN/VA area. Griffey subsequently admitted that he has been obtaining methamphetamine from his source of supply on a weekly basis during the preceding (2) months and actually obtained (2) eight-balls of methamphetamine the first time, (3) ounces of methamphetamine the second time, and (3) to (4) ounces of methamphetamine each week for the remainder of the time. Griffey claimed he paid his source of supply $800 USC for each ounce of methamphetamine and that he paid his source of supply in cash at the time of delivery (no fronting). Griffey admitted that he sells whole ounces of methamphetamine to some people and smaller quantities to others. Griffey claimed that one of his methamphetamine customers was Lindsey Soakie (aka Lindsey Jackson). Griffey was not arrested in relation to the events of 09-04-2018 as Griffey agreed to cooperate with law enforcement. Griffey has not contacted law enforcement since 09-04-2018.

6. On January 3, 2019, Stephen Smith was arrested in Smyth County, VA after consenting to a law enforcement search of his person and the vehicle he was operating. As a result of the search, law enforcement discovered and seized marijuana, a loaded syringe, and spoons, baggies, and containers that contained suspected methamphetamine residue.

    Smith provided a post Miranda statement (some of it written) in which he claimed that he was Robert Griffey's "right-hand man" and that he knows where Griffey maintains methamphetamine (and marijuana) on Griffey's premises because Smith has had access to it on many occasions. Smith claimed that it is normal for Griffey to have multiple ounces (7-8) of methamphetamine on Griffey's premises. Smith admitted that he has acted as Griffey's driver on multiple occasions during which Griffey and Smith traveled to the Bristol, TN/VA area in order to pick up methamphetamine (in distribution quantities – overall quantities that are then subsequently re-sold in smaller quantities at a higher price per weight). Smith noted that the trips to the Bristol, VA/TN area for the purpose of acquiring distribution weight quantities of methamphetamine have occurred upwards of five (5) times per week. Smith stated that he has purchased methamphetamine from Griffey in the past and it would be no problem for him to get (buy) at least an ounce of methamphetamine [a distribution quantity – not a user quantity] or marijuana again.

7. On April 13, 2019, Stephen Smith and Lindsey Jackson were both arrested during the course of a motor vehicle stop in Washington County, VA. During the stop, multiple items were seized including a multi-gram quantity of suspected methamphetamine (a field test was performed with positive results for methamphetamine) from between the driver (Stephen Smith) and the front passenger (Andrew Soakie – Lindsey Jackson's boyfriend/husband who was also arrested), digital scales and hundreds of clear plastic baggies from Lindsey Jackson's purse, and $710.00 USC that was concealed in Jackson's underwear. Once at the regional jail in Abingdon, VA, additional USC and suspected methamphetamine were recovered from Jackson's undergarments during the course of arrest processing. Lindsey Jackson was subsequently released on bond.

8. During April 2019, law enforcement successfully utilized a confidential source (or sources) to perform multiple controlled purchases (monitored, recorded, and surveilled by law enforcement) of methamphetamine from Robert Griffey at Griffey's residence located at 1025 ½ Worthy Blvd., Saltville, VA.

9. During the last week, a reliable confidential source advised law enforcement that Lindsey Jackson/Soakie is selling methamphetamine and the confidential source is currently in a position to perform a controlled purchase of methamphetamine from Jackson/Soakie.

   The reliable confidential source has successfully performed a controlled purchase of methamphetamine for law enforcement in the past. The confidential source has made statements to law enforcement against his/her own penal interest.

10. A review of Steven Smith's criminal history revealed his state (VA) convictions for felony possession of a Schedule I or II Controlled Substance and misdemeanor possession of a Schedule III Controlled Substance, and his 2019 arrest (reference ¶6 above) for felony possession of methamphetamine and misdemeanor possession of marijuana (disposition pending). A review of Robert Griffey's criminal history revealed his state (VA) felony convictions for conspiracy to violate the drug control act, distribution of an imitation controlled substance, distribution of a Schedule I or II Controlled Substance (four counts), and distribution of a Schedule III Controlled Substance (four counts). A review of Lindsey Jackson/Soakie's criminal history revealed her state misdemeanor conviction for possession of marijuana.

11. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who conspire to distribute methamphetamine typically maintain methamphetamine, methamphetamine distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to methamphetamine trafficking related contacts/co-conspirators), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons, inside their residences, garages, outbuildings/barns, campers, vehicles (or the vehicles they operate), and inside of vehicles registered to other persons when those vehicles are parked at the conspirator's residence/property.

12. This affiant, on multiple occasions during the last several years, has had drug traffickers and/or manufacturers destroy/attempt to destroy evidence (controlled substances and/or mixtures containing controlled substances) of drug distribution and/or manufacturing during the execution of federal search warrants. During these incidents, once the drug trafficker/manufacturer became aware of a law enforcement presence at his/her residence for the purpose of executing a search warrant, the trafficker quickly and easily disposed/attempted to dispose of controlled substances and/or related mixtures by flushing same down a toilet or rinsing same down a sink inside the residence. In one particular incident during 2019, this affiant had reliable information that a methamphetamine trafficker possessed multiple gallon sized Ziploc-type plastic bags that each contained multiple pounds of methamphetamine. By the time law enforcement officers reached the trafficker's master bathroom during the execution of a federal search warrant at the trafficker's residence, they found methamphetamine residue/crystals scattered about the floor around the toilet

and (2) one gallon Ziploc-type bags laying next to the toilet with one bag containing residue and the other containing approximately (1) ounce of methamphetamine. In that particular incident, this affiant believes multiple pounds of methamphetamine were successfully flushed down the toilet by the methamphetamine trafficker before he retreated to another room in the house where he was subsequently apprehended.

Based upon the above, this affiant believes there is reasonable suspicion that knocking and announcing the presence of law enforcement officers at the time of the execution of this search warrant would result in the destruction or attempted destruction of evidence (heroin) by the occupant(s) of the residence.

13. Robert Griffey's known residence is 1035 ½ Worthy Blvd., Saltville, VA (located within the Western District of Virginia).

14. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as 1035 ½ Worthy Blvd., Saltville, VA as there is probable cause to believe that there is evidence of a violation of 21 USC 841(a)(1) and 846/841(a)(1) at said premises.

_____     5-1-2019
Brian Snedeker, Special Agent (DEA)     Date

Subscribed and sworn to before me, this the **1st** day of **May, 2019** in Abingdon, Virginia.

_____
Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia

Seen by:

_____/s/ Roy F. Evans_____     04-30-2019
Roy F. Evans, SAUSA     Date